# Neal *versus* The Pittsburgh and Connellsville Railroad Company.

When a railroad company has located its road through a man's land, and had the damages assessed by viewers and confirmed by the court, this is a judgment in favor of the owner of the land for the amount, and he is entitled to execution, even though the company has not taken possession and may desire to change the route.

CERTIORARI to the Common Pleas of *Allegheny county.*

The defendants in error presented their petition in the Common Pleas, June 28, 1854, representing that they had located their road through land of the plaintiff, and were unable to agree with him in relation to compensation, and thereupon viewers were appointed, and the damages were assessed at $1500, and confirmed in December by the court. A *fi. fa.* was issued to collect the amount, returnable to March Term, 1855; and the defendants

[Neal *v.* The Pittsburgh and Connelsville Railroad Co.]

moved to set the same aside, because they had not signified their intention to take possession of the ground, and because they had not finally adopted the route through the plaintiff's land, but had instituted the proceeding in order to obtain a means of estimating the expense of this route in comparison with others.    The rule was made absolute, and of this the plaintiff complains.

*G. P. Hamilton,* for plaintiff.

*Wm. Wilkins* and *Sewell,* for defendants.

The opinion of the court was delivered, January 1856, by
LOWRIE, J.—Though railroad companies may make experimental surveys at pleasure before finally locating their road, yet certainly it has never been granted to them to have experimental suits at law as a means of chaffering with the landowners for the cheapest route.    The law allows this proceeding after the road is located, and after a proper effort to agree upon compensation has failed ; and the damages found and confirmed under it, settles the right of the landowner to such damages as completely as any other form of judgment, and he has the same right to execution. He is not to wait until the company say they are ready to go on, else all improvements by the owners of land along such a route must be indefinitely suspended upon a contingent appropriation. If judgments are to be the end of strife, they must bind both parties.    The company has made its choice, and must stand to it.    If they have any equitable ground for relief, they must present it in some other form than a mere motion to set aside a regular execution.

> The order setting aside the execution is reversed, and the plaintiff in error has leave to proceed on his judgment.