# Pittsburgh, Virginia & Charleston Railway Company *versus* The Commonwealth.

1. The location of a railway by survey is a taking and appropriation of the land, although the actual construction is not begun for years afterward.

2. A railroad was located by survey, in 1871, on a county road, but the construction of the railway was not commenced until 1879, and during the interval the road had been included within the limits of a certain city as a street. Upon an indictment against the company, for a failure to reconstruct the street in accordance with the requirements of § 13 of the Act of February 19th 1849 (P. L. 85), *Held*, that the company, which was organized under said act, was bound, by § 13 thereof, upon the construction of its railway and embankment on the street, to reconstruct the same in another location forthwith; and that this obligation on the part of the company arose at the time the railroad was located by survey, and was not affected by the action of the company in delaying the actual construction of its railway until after the road had become a city street. *Held, further*, that in such case an indictment will lie against a railroad company for not reconstructing the street within a reasonable time; but *semble*, that an indictment will not lie, under these circumstances, for a nuisance at common law. *Held, further*, that the defendant could not be compelled, by sentence in this case, either to remove the obstruction from the old road or to construct a new road; but that the sentence could simply punish for the offence already committed.

October 3d 1882.    Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Quarter Sessions of *Washington county :* Of October Term 1882, No. 77.

Indictment of The Pittsburgh, Virginia & Charleston R. R. Company. Plea, not guilty. The indictment was based on an information filed by a street commissioner of Monongahela City, and was in two counts, charging : First, the commission of a nuisance at common law, in erecting an embankment on Main street in said city, and thereby obstructing travel. Second, a neglect of the statutory duty imposed upon defendant by § 13 of the Act of February 19th 1849, which provides, that "If any such railroad company shall find it necessary to change the site of any turnpike or public road, they shall cause the same to be

reconstructed forthwith in as favorable a location and in as perfect a manner as the original highway taken by them."

The following facts were agreed upon by both parties. The defendant company was incorporated under the General Railroad Law of 1849, and by the Acts of April 8th 1867 (P. L. 897) and March 31st 1868 (P. L. 726) as the "Monongahela Valley Railroad Company." The corporate name being afterwards changed by the Act of February 4th 1870 (P. L. 110).

The part of Main Street appropriated by the defendant was dedicated as a public road in 1812, and was in Carroll Township until March 1873, when, by an Act of Assembly it was included within the limits of Monongahela city. The defendant located its road over this highway by a survey made in 1871, but the construction of this part of the roadbed and track was not commenced until 1879, and was finished in 1880.

At the trial, before HART, J., the defendant claimed, that before the construction of the railway, the road had become a street within the corporate limits of Monongahela city, and that under its amended charter of 1868, the company had a right to appropriate any city street necessary for its use within the city limits, without any obligation to open a new street upon a different location. In reference to this defence the court charged: "It is sufficient for me to say that as it is admitted in this statement of facts which I have read to you, the road in controversy here was not within the limits of the borough of Monongahela city at the date of the amended charter in 1868, but was included within the city limits by the city charter, which was granted by the Legislature five years after, in 1873, and at that time as it is admitted by this paper, this was a country road in the township of Carroll; the Act of 1849 applied, and I say to you still applies to the case of that road." (First assignment of error.)

The court further instructed the jury inter alia, as follows: "It is unnecessary to determine the question discussed in your hearing, whether if this (road) was included within the city limits at the date of this charter, the company had a right to take it as a street, or whether it would still be treated as a road. I say it is not necessary to determine that question, because the road, as it is admitted by counsel here was not included within the original limits of Monongahela city, but was afterwards taken in by the charter of 1873. It was therefore the duty of this company, after having appropriated the road as set out in the facts here and as developed in the evidence before you, forthwith—and the Supreme Court says that that word "forthwith" means within a reasonable time,—to reconstruct a new road upon as favorable a location and in as perfect a manner as

5 OUTERBRIDGE—13

the original highway taken by them." (Second assignment of error.)

" If you are of the opinion, upon the evidence and upon the facts set out in the paper I have read to you, that they have had a reasonable time in which to reconstruct a new road as a substitute for the one taken, and they have failed to do so ; then it would be your duty to find them guilty as they stand indicted in the second count." (Third assignment of error.)

" Now, if upon this state of facts, and they are agreed upon by counsel, you think a reasonable time has been given this company, and nothing has been done—no part of their duty as required by the Act of 1849—then your verdict should be not guilty upon the first count of this indictment, but guilty upon the second. And you will so find, unless, as I have said, you think the company has not had a reasonable time for the reconstruction of the old road by locating it in as good a location as they found the old road, and in as perfect a manner. That is the only question of fact for you to consider." (Fourth assignment of error.)

" As to the first count, as I have said before, the company here exercised a right under its charter, in taking this street and putting its embankment and laying its cross-ties and rails there, and is not guilty of a nuisance as set out in the first count of the indictment. The offence consists in their taking the old highway without constructing a new one in its place, within a reasonable time."

Verdict, not guilty as to the first count and guilty as to the second. A motion in arrest of judgment was overruled by the court, which entered the following judgment on the verdict :—
" That the defendant, the Pittsburgh, Virginia and Charleston Railway Company, do abate the nuisance found by the verdict of the jury, by reconstructing within sixty days, at its own proper expense, on the most favorable location and in as perfect a manner as the original road, so much of the public road in the First ward of Monongahela city, near the house of John Hollowood, as has been taken and occupied by the railroad of said company ; and that the said defendant, the Pittsburgh, Virginia and Charleston Railway Company, pay a fine of five dollars to the Commonwealth and the costs of prosecution."

Whereupon the defendant took this writ, assigning for error the portions of the charge of the court above cited and the action of the court in overruling the motion in arrest of judgment and entering the above judgment on the verdict.

*A. M. Todd,* for plaintiff in error.—It is a matter of grave doubt whether the court has jurisdiction of this indictment, and to pass the special sentence which they did. The Act of 1849

gives no express jurisdiction. The question is suggested but not decided in Danville R. R. Co. v. Commonwealth, 23 P. F. S. 29. By the Act of March 24th 1873, the city was empowered to accept the highway as a city street, and they did so adopt it. It was then no longer a county road, but a street subject to city control to which the Act of 1849 does not apply : City v. McCalmont, 6 Phila. 543. The mere survey of the railroad in 1871 did not bring the Act of 1849 into operation. It is only when the construction is begun that a new road must be provided. This is evident from the wording of the Act itself and is certainly reasonable. When the construction of the railroad commenced in 1879, the former road had been six years a city street. If, during those six years, valuable city improvements and handsome buildings had been erected upon it, the railroad surely could not claim that their location upon it in 1871 would justify them in vacating the street and destroying the improvements. But if the company is bound under the Act of 1849 to build a new street, then it can close the one now in use, and the property owners who bought since 1871 have no redress . Turnpike Road v. Brosi, 10 Harris 32 ; Neal v. P. & C. R. R. Co. 7 Casey 19 ; McFadden v. Johnson, 22 P. F. S. 335 ; Tenbrooke v. Jahke, 27 P. F. S. 392.

*Thomas H. Baird* (with whom was *R. M. McConnell*, District Attorney), for defendant in error.—That the court had jurisdiction in this case is settled in Northern Central R. R. Co. v. Commonwealth, 9 Norris 300. Where a railroad has been located, the land has been taken for public use, and the owner can sue for his damages and may recover all which may be caused by the location and subsequent construction of the railway : Wadhams v. Lack. & Bl. R. R. Co., 6 Wright 303, 310 ; Neal v. R. R. Co., 2 Grant 137 ; Beale v. Pa. R. R. Co., 5 Norris 509, 511 ; Warren R. R. v. Clarion Co., 4 P. F. Smith 38 ; West. Pa. R. R. v. Johnston, 9 P. F. Smith 297 ; Zimmerman v. Un. Can. Co., 1 W. & S. 346 ; Schuylkill Nav. Co. v. Thoburn, 7 S. & R. 421 ; Navigation Co. v. Decker, 2 Watts 344 ; and a location by one company prohibits another from taking the same route : Titusville & Pet. Cent. R. R. Co. v. War. & Ven. R. R. Co., 4 Leg. Gaz. 117 ; Wilksb. & Phila. R. R. Co. v. Dan. Haz. & Wilksb. R. R. Co., 29 Leg. Int. 373. It is clear therefore that the plaintiff in error acquired a right to its roadway in 1871 ; and this right having been acquired by virtue of the Act of 1849, section 13 of that Act must be complied with by the company. Subsequently including the highway within the city limits could not take this responsibility from the company.

Mr. Justice Mercur delivered the opinion of the court, October 16th 1882.

This indictment is against a railroad corporation subject to the Act of 19th February 1849. The indictment contains two counts, the first charges a nuisance in a certain street in Monongahela city by the construction of an embankment and putting and maintaining materials thereon in the said street; the second is based on the 13th section of said Act: Pur. Dig. 1221. It declares: "If any such railroad company shall find it necessary to change the site of any portion of any turnpike or public road, they shall cause the same to be reconstructed forthwith, at their own proper expense, on the most favorable location and in as perfect a manner as the original road.

As to the first count the jury returned a verdict of not guilty. The second charges that the corporation did enter upon a certain public road in said city and take thereof one hundred and twenty yards in length, and thereon place materials, erect an embankment, and construct a railroad so as to hinder and obstruct the public in their use of the same: yet it did not, after taking the said public road and highway, forthwith cause the same to be reconstructed as required by the statute and its duty. On this count the corporation was found guilty, and sentence pronounced.

The first and second specifications are that the statute does not apply to the roads taken and occupied by the corporation, inasmuch as that portion was within Monongahela city when the railroad was constructed thereon. The language of the statute is, "any turnpike or public road." When the railroad was surveyed and located, it was unquestionably on a public road. The road was not within the city. Some two years thereafter the city was incorporated, and took within its limits, the whole of that portion of the highway on which the railroad was located. The construction thereof was begun six years afterwards and finished the following year. It is contended that by the extension of the jurisdiction of the city over the road it ceased to be of the class of highways named by the statute. This view does not give due weight to the effect of the location of a railroad. The location of a railroad is the taking and appropriating of the land. The right of the landowner to proceed and have his damages assessed is complete. He may recover not only for the damages caused by the location, but also for the subsequent construction. The damages cannot be severed. They must all be ascertained in the one proceeding: Neal *v.* Pittsburgh & Connellsville Railroad Co., 2 Grant 137; Wadhams *v.* Lackawanna & Bloomsburg Railroad Co., 6 Wright 303; Beale *v.* Pennsylvania Railroad Co., 5 Norris 509. Immediately after the location is made either the corporation or

the owner of the land may apply for the assessment of all damages done and likely to be done by the construction of the railroad : Pur. Dig. 1219 pl. 35. When thus ascertained they may be collected before any construction of the railroad is commenced : Neal v. Pittsburgh & Connellsville Railroad Co., 7 Casey 19. Inasmuch then as the location of the railroad on the public road was an appropriation of the latter the subsequent extension of the city so as to include this road did not so change its character as to withdraw it from the operation of the Act. The city took the road charged with its burden. It still retained the attributes of a public highway. The necessity of furnishing a substitute as soon as it was occupied by the railroad was in no wise lessened.

By such occupancy, a necessity for the change of the site thereof was created, and the duty to forthwith reconstruct the same is imposed on the corporation by the express terms of the Act. In accepting its charter, the corporation acquires all the rights and privileges thereby given ; but it assumes all the duties and obligations thereby imposed. Having taken the benefits, it cannot repudiate the burdens ; it cannot be tolerated that the corporation may claim to enjoy everything beneficial to itself, and wholly omit to perform an Act in which the public is so largely interested. The rights granted are in consideration of duties assumed, among which is the duty of reconstructing the public highway from which it has excluded the public. Having accepted all the provisions of the Act, this duty arises not only from the imperative command thereof, but also from an implied agreement and by tenure. The duty then being undoubted, will an indictment lie against the corporation for a willful disregard of it ?

The injury is not to an individual only, but to the public. It is the denial to every citizen of the Commonwealth of a right to the use of a public highway in place of the one taken by the corporation. It is true, on failure of the corporation to reconstruct the road, the Municipality may do so, and recover the cost thereof of the railroad company : Bean v. Howe, 4 Norris 260 ; Pennsylvania Railroad Co. v. Borough of Irwin, Id. 336. It may also be compelled by mandamus, to reconstruct : Rex v. Commissioners of Dean Inclosure, 2 Maule & Selw. 80 ; Same v. Severn R. R. Co., 2 Barn. & Ald. *646. The fact that these remedies exist furnish no reason why an indictment will not also lie. Indictment is to punish for the past, mandamus is to provide for the future. The Act provides no specific remedy for the enforcement of this duty. All common law remedies are therefore open against the violators of this law. The failure to reconstruct concerns the public. It is therefore an injury to the Commonwealth, to which belongs the franchise of every

highway as a trustee for the public : O'Connor *v.* Pittsburgh, 6 Harris 187.

A railroad corporation subject to the Act of 19th February 1849, may, under its provisions take possession of such portions of any public road as may be within the limits of the land taken. It is not subject to indictment for a nuisance, for the mere taking and occupancy of a public road : Danville, &c. Railroad Co. *v.* Commonwealth, 23 P. F. Smith 29. The question, whether the omission to reconstruct it on proper ground and in a suitable manner, would so subject the corporation, did not arise in that case, and was expressly reserved.

The 12th section of the Act provides, that whenever, in the construction of a railroad, it becomes necessary to cross or intersect any established road, it shall be the duty of the officers of said company, to so construct the railroad as not to impede the passage or transportation of persons or property along the established road. In Northern Central Railway Co. *v.* Commonwealth, 9 Norris 300, it was held an indictment would lie against the corporation for so grading its crossing on a public highway, as to constitute a serious inconvenience and dangerous obstruction to travel. The right to cross was clear. The offence was the failure to construct according to the requirement of the statute. It may be claimed, however, that this was rather a case of misfeasance. It was nevertheless a failure to do an act in such a manner as its duty required.

In Rex *v.* The Mayor, &c. of Stratford upon Avon, 14 East 348, the corporation was indicted for non-repair of a bridge, which it was the duty of the corporation to repair. In the Queen *v.* Railway Co., T. T., 3 Adol. & Ellis N. S. *223 (43 E. C. L. Rep. 708) it was held, the corporation was liable to indictment for not constructing certain arches, pursuant to an order of the sessions and the statute, incorporating the company, to connect certain lands severed by the railway : S. C., 3 Eng. Railw. Cases 148. In Regina *v.* Great N. of E. Railway Co., 9 Adol. & Ellis N. S. *316, the company had cut through a carriage road with its railway, but had not carried the road over the railway by a bridge as required by the statute. In delivering the judgment of the court sustaining the indictment, Lord DENMAN, C. J., said, " the question is, whether an indictment will lie at common law against a corporation for a misfeasance, it being admitted in conformity with undisputed decisions, that an indictment may be maintained against a corporation for non-feasance." He then proceeds to show that the distinction between part performance and no performance rests on no solid foundation, and that an indictment will lie for either.

So in Lyme Regis *v.* Henley, 3 Barn. & Adol. 77 (23 E. C. L. Rep. 43), by the terms of its charter a duty was imposed on

[Pittsburgh, &c. Railway Co. v. Commonwealth.]

the borough or town to keep in repair, and maintain certain banks, sea-shores, mounds and ditches, &c., which it omitted to do. The action was by one aggrieved. In delivering the judgment of the court, Lord TENTERDEN, C. J., said " we think the obligation to repair the banks and sea-shores is one which concerns the public, in consequence of which, an indictment might have been maintained against the plaintiffs in error for their general default." "An indictment may be sustained for the general injury to the public," and the party aggrieved have his remedy. The law is correctly stated in section 91 of Wharton's Crim. Law. "We may therefore hold that a corporation may be indicted for a breach of duty imposed on it by law, though not for a felony, or for public wrongs involving personal violence as riots or assaults."

It follows that the learned judge committed no error in the portions of the charge covered by the third and fourth specifications, nor in overruling the motion in arrest of judgment. The remaining specification is to the form of the sentence.

The offence of which the company is convicted is not for taking possession of the public highway in the construction of its railroad; but for the disregard of its duty to forthwith reconstruct, so as to provide a suitable highway in lieu of the one taken. It cannot, therefore, be compelled, by sentence in this case, to either remove the obstruction from the old road, nor to construct a new one. The sentence can go no further than to punish for the offence committed. That offence is the neglect to reconstruct within a reasonable time. The performance of that duty cannot be specifically enforced by sentence on this conviction.

The fine imposed is merely nominal. We suppose the company defended against this prosecution to test its liability to reconstruct; that being now established, we assume the company will proceed without any delay to discharge its full duty. The sentence is therefore amended by striking therefrom, all except the fine of five dollars to the Commonwealth and the costs of prosecution; and thus amended the judgment is affirmed.