## Commonwealth, Appellant, *v.* Allegheny Valley Railway Company.

*Railroads—Reconstruction of public Road—Road law—Res adjudicata —Indictment—Criminal law.*

Where a railroad company has been acquitted on the trial of an indictment charging it with neglect to relocate and reconstruct several different portions of a public road, it cannot subsequently be convicted on an indictment charging it with neglect to relocate and reconstruct the whole of the same highway.

Argued April 17, 1902.   Appeal, No. 91, April T., 1902, by plaintiff, from judgment of Q. S. Allegheny Co., Sept. T., 1901, No. 396, on verdict of not guilty in case of Commonwealth v. Allegheny Valley Railway Company and Pennsylvania Railroad Company.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Indictment to relocate and reconstruct a public road.   Before COLLIER, J.

The only question involved in the case is whether the present indictment is res adjudicata by Commonwealth v. Allegheny Valley Railway Co., 14 Pa. Superior Ct. 336.

Defendant presented these points :

1. It appearing that the defendants have heretofore been acquitted upon information and indictment charging them with failure to substitute a road in place of the state road for certain points and distances included within the information and indictment in the present case, such former acquittal for matters included within the present offense charged is a bar to a conviction in the present case, and the verdict of the jury should be not guilty.   *Answer :* Affirmed and bill sealed for the commonwealth. [2].

2. That the record and judgment of this court at No. 388 December sessions, 1898, offered in evidence in this case is a bar to any conviction.   *Answer :* Affirmed and bill sealed for the commonwealth. [3].

Verdict of not guilty.   The commonwealth appealed.

*Errors assigned* were (2, 3) above instructions, quoting them.

*Johns McCleave,* of *Watson & McCleave,* with him *James Fitzsimmons* and *A. H. Rowand,* for appellant.

*Thomas Patterson,* of *Patterson, Sterrett & Acheson,* for appellee.

OPINION BY RICE, P. J., October 13, 1902 :

In the indictment in this case it is charged that the railroad company entered upon a public road extending from Thirty-third street in the city of Pittsburg to Ross's mill "at various

places " between Negley's run and Sandy creek, not otherwise particularized or specified; that such occupation of the public road by the railroad company so obstructed and impeded travel upon it between Negley's run and Sandy creek " that the said portion thereof between the said places was, and is, wholly shut off; " that thereupon, it became necessary, and was the duty of the railroad company, to relocate and reconstruct all that portion of the public road lying between Negley's run and Sandy creek, and that this duty has never been performed.

In the even numbered counts, from six to twenty-two inclusive, of the former indictment, it was charged that the railroad company entered upon and appropriated nine different precisely described portions of the public road between Negley's run and Sandy creek; that thereupon it became necessary and was the duty of the railroad company to cause each of said portions to be reconstructed forthwith " on the most favorable location and in as perfect a manner as the portion of the said common highway and public road so taken and appropriated by said railroad company," and that this duty had never been performed.

The jury acquitted the defendant on all the counts of that indictment, excepting the second, fourth and sixth, and upon these they rendered a verdict of guilty. The court sentenced the defendant on the sixth count, and this judgment, with a modification not necessary to be noticed here, was affirmed by us: Commonwealth v. Allegheny Valley Ry. Co., 14 Pa. Superior Ct. 336. The question is, whether that record was pleadable in bar to the indictment in the present case.

The commonwealth's counsel contend that to support a conviction on the indictment in the present case, it was not necessary to show that the entire road was actually occupied by the railroad company, but concede that the evidence must show that the occupation of the public road by the railroad company at the various unspecified places alluded to in the indictment had the effect to destroy the public road from Negley's run to Sandy creek, and necessitate its relocation between those points. It may well be questioned whether the evidence introduced by them would warrant such a finding. Assuming, however, that sufficient evidence might have been produced to carry the question to the jury, it would follow as a legal conclu-

sion from an affirmative decision of that question that it was the duty of the railroad company to change the site of the entire road lying between those points, not simply the site of those portions of the road actually occupied by its tracks.   But the question of the duty of the railroad company to relocate and reconstruct nine different portions of the road was tried and adjudicated in the former case.   Being res judicata, it cannot be tried again. It is urged in answer to this obvious objection that the railroad company might be convicted under this indictment upon evidence that would have been insufficient to convict it under the former indictment ; therefore a trial upon this indictment would not necessarily involve a retrial of the question adjudicated in the former case.   This would be true, if the commonwealth were simply seeking a conviction for neglect of duty to relocate and reconstruct portions of the road other than those specifically described in the former indictment.   But that is not the commonwealth's position.   The indictment was not framed, and the case was not tried in the court below, nor argued here, upon that theory, but upon the theory, as stated by counsel, " that there had been such interference with the old road as to destroy it from Negley's run to Sandy creek and necessitate its relocation between those points."   It is to be borne in mind that the gist of the offense charged in the nine counts— six to twenty-two—of the former indictment was not the unlawful occupation of the portions of the highway herein described, but the neglect of the duty to relocate and reconstruct the same.   The gist of the offense charged in this indictment is the neglect of the duty to relocate and reconstruct the whole of the same highway.   The greater charge contained in the latter indictment includes the smaller ones contained in the former indictment.   Competent evidence, whatever its nature, that would be sufficient to convict of neglect of duty to relocate and reconstruct the whole road, must necessarily be sufficient to convict of neglect of duty to relocate and reconstruct particular parts of it.   We conclude, therefore, that the question stated at the outset of this opinion was properly answered in the affirmative by the court below.

Judgment affirmed.