## Snow *et al. versus* Deerfield Township.

1. A railroad was laid on a public road; the company thereby becoming liable, under Act of February 19th 1849, to construct a new road in its place. The township in which the road was, could not release the company from their liability to make the road.

2. The township could not exercise the special powers of the company, in laying out the new road, the payment of damages and constructing the road.

3. Road commissioners were authorized by statute to lay out roads and report to the Quarter Sessions, subject to their confirmation. The railroad company laid their road on a public road, and upon payment of a sum of money, the township released them from making the road; the commissioners constructed the road which the company should have made, without having it laid out according to law: the commissioners were paid by the township treasurer for its construction. A road was afterwards duly laid out on the ground of that constructed by the commissioners and confirmed. *Held*, that the money paid the commissioners might be recovered from them by the township.

[Snow *v.* Deerfield Township.]

March 25th 1875.    Before AGNEW, C. J., SHARSWOOD, MER-
CUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Warren county:* Of
January Term 1874, No. 344.

This was a feigned issue framed September 7th 1871, on appeal
entered June 5th 1871, by B. A. Snow and John McCoy, road
commissioners of the township of Deerfield, from the settlement
of their accounts by the township auditors, in which they refused
to allow the commissioners credit for $800, expended in making a
road in the township, and reported that the commissioners owed the
township $800.

In the issue, the township was the plaintiff and the commis-
sioners defendants.

By Act of April 9th 1844, Pamph. L. 230, road commissioners
are substituted in each township of Warren county for supervisors,
and were required to take charge of the roads and bridges, lay out
and alter roads when necessary at the request of the citizens, and
make return of the roads so laid out to the town clerk.

By a supplement of March 15th 1848, Pamph. L. 163, they
are required to report roads laid out by them to the Court of
Quarter Sessions, and be subject to its approval.

In 1867, the Warren and Franklin railroad was constructed
through Deerfield township, and so occupied and obstructed a
public road in that township, as to make it necessary that another
road should be made; this by the General Railroad Law, February
19th 1849, Pamph. L. 13, was to be done by the railroad com-
pany. The company, instead of making the road themselves, on the
23d of August 1867, entered into an agreement in writing with the
township of Deerfield, through W. W. Connelly and John Robinson,
the predecessors of the appellants, by which, in consideration of
$2750, the township released the company from all liability "for
the construction, building or repair of any of the roads in the
township, * * * so far as such construction, building and repairs
to said roads are rendered necessary by the obstructions or occu-
pancy or injury caused by the building of" the railroad. The
$2750 were paid to the township. Nothing was done towards the
construction of the road until after the appellants came into office.

On the 8th of October 1869, the appellants, as road commission-
ers, entered into a written contract with G. D. Leighton to build
a road to supply the place of one occupied and obstructed by the
railroad. The work on the road was commenced in August 1870.

When this contract was made and the work was done, there had
been no authority obtained for making the road. On the 7th of
September 1871, McCoy and Snow, as road commissioners, reported
that they had laid out the road over the ground on which it had
been constructed by them; on the same day the report was con-

[Snow *v.* Deerfield Township.]

firmed *nisi*, and the road ordered to. be opened 50 feet wide; on the 7th of December 1871, the road was confirmed absolutely.

The cause was tried March 12th 1873, before Wetmore, P. J.

The plaintiffs in the issue gave evidence that Snow, one of the defendants, had received from the township treasurer $800, paid him by orders dated October 1st and December 7th 1870, and drawn in his favor by Leighton for making the road.

They gave evidence, also, for the purpose of showing that the contract was not for the benefit of Leighton, but that Snow himself was the actual contractor.

There was other evidence to which, in view of the opinion of the Supreme Court, it is not necessary to refer.

The defendant submitted these points:

2. By the contract between said railroad company and the commissioners of Deerfield township, the rights of the railroad company as to entry, location and construction of a road for travel was transferred to the acting road commissioners of Deerfield township.

5. The road on which this money was expended having been built to supply the road taken by the railroad company, and having been since accepted by the township, regularly returned to the court, confirmed and ordered opened, such action is an adoption of the previous acts of the road commissioners, said road is now a regular public road, and the expense of making such road was a legitimate expenditure of the money of the township, for which the commissioners should receive credit.

6. When John McCoy became a road commissioner of Deerfield township, the Leighton contract was in existence, and if the money was paid on that as the work progressed, and the work was reasonably worth the sum paid, there can be no recovery against him.

7. If the work done on the road and bridge under the Leighton contract reasonably cost the sum of $800, it was immaterial whether it was done by Snow or Leighton, and there can be no recovery in this case.

The court negatived the 2d, 6th and 7th points, and answered the 5th as follows:—

"The facts on which this point is based do not constitute a defence in this case, and the defendants are liable for the amount of money received from the township treasurer, on the orders dated October 1st and December 7th 1870."

The verdict was for the plaintiff for $911.

The defendants took a writ of error; they assigned the answers to their points for error.

*R. Brown*, for plaintiffs in error.—Notwithstanding the railroad company were bound to construct a road to supply the place of

[Snow *v.* Deerfield Township.]

that occupied by the railroad, yet it was the duty of the road commissioners to see that it was done : Penna. Railroad *v.* Dusquesne Borough, 10 Wright 223.   The township would be liable for any injury arising from obstructions to the road : Phœnixville *v.* Phœnix Iron Co., 9 Id. 135.   The subsequent legal laying out of the road ratified the prior acts of the commissioners : Angell & Ames on Corp., sect. 304 ; 2 Dillon's Mun. Corp., sect. 385, note 1 ; Allegheny *v.* McClurkan, 2 Harris 81 ; 1 Parsons on Contracts 139 ; 1 Hilliard on Contracts 551 : McLain *v.* Snyder School District, 2 Jones 204 ; Hart *v.* Borough of Girard, 6 P. F. Smith 26 ; Kelsey *v.* National Bank, 19 Id. 426 ; Wright *v.* Burbank, 14 Id. 247 ; Klopp *v.* Witmoyer, 7 Wright 226.

*S. P. Johnson,* for defendant in error.—The commissioners could not alter the location of the road except by a new view : Furniss *v.* Furniss, 5 Casey 15 ; Clark *v.* Commonwealth, 9 Id. 112 ; Morrow *v.* Commonwealth, 12 Wright 305 ; even to correct a mistake in opening the road in the wrong place : McMurtrie *v.* Stewart, 9 Harris 323 ; Holden *v.* Cole, 1 Barr 303.   A road cannot be opened till after the final confirmation : Middle Creek Road, 9 Barr 69.   A township is not liable for work done without authority, however beneficial the work : Anderson *v.* Hamilton, 1 Casey 75.   The township could not ratify an unauthorized and illegal expenditure of public road funds : Rapho *v.* Moore, 18 P. F. Smith 404 ; Grafins *v.* Commonwealth, 3 Penna. R. 502.

Judgment was entered in the Supreme Court, April 1st 1875,

Per Curiam.—The agreement of the 23d of August 1867, between the township of Deerfield and The Warren & Franklin Railroad Company, was not a mere substitution of W. W. Connelly and John Robinson as agents for the company to exercise its powers in making the road in question to supply the place of that occupied by the company.   It was much more ; it was an agreement by the township wholly to release the railroad company from all responsibility and liability for the construction and repair of this and all other roads made necessary by the obstructions, or occupancy, or injury caused by the building of the railroad, and to perform this duty on part of the township.   Now, clearly this was a contract beyond the scope of the powers of the commissioners who made the agreement on behalf of the township.   They could not release the railroad company from its public duty and its liability to the public for neglect or non-performance of the duty.   Nor could the township exercise the special powers of the company in the laying out of the new road, the payment of damages, and construction of the road.   The whole contract was *ultra vires*, and compelled the township to assume a liability to the public which was specially imposed by law upon the railroad com-

pany.  Had the road been duly laid out, and the contract been merely for the construction of the road, there might have been more plausibility in the claim of the present parties as against the township, for then a proper and reasonable performance of the work, and expenditures of the money upon it, would have been an equitable demand for compensation.  But here the work was done upon a route not laid out by the railroad company under its responsibility to the public, or by any competent authority, and was done in substance and effect under a contract with one of the commissioners in his own right.  This was in conflict with his duty as a commissioner.  Then, when the road was afterwards laid out, it was in truth laid out to suit the expenditure of money already made.  The duties of the commissioners in regard to the laying out of roads ought not to be thus made subject to their private interests.  It is true the location was approved by the court, but this might really be done in ignorance of the fact that the location was designed to cover an expenditure already made by the commissioners.  Upon the whole case we can discover no reasonable ground to admit the right of the commissioners to compensation.  To do so would be to encourage a violation of duty, and subject the township to contracts and doings of the commissioners incompatible with its interests.  The policy of the law is to secure a disinterested and faithful discharge of duty by public officers, which cannot be effected by laxity in the requirements of the law, or by the administration of an imperfect and uncertain equity.

Judgment affirmed.