## Commonwealth *v.* Slagel, Appellant.

*Nuisance—Highway—Road established by prescription.*

An indictment for nuisance may be maintained against a person who maintains a nuisance upon a public highway established by prescription; but where a part of such prescriptive highway has been abandoned, and a new way has been constructed by citizens and supervisors without any statutory proceedings, and without having obtained the consent of all the owners of the land over which the new road is laid out, an indictment cannot be maintained for acts on the new road which if committed on a legal highway would have been a public nuisance.

It is impossible upon an indictment charging a public nuisance in obstructing and injuring a public highway to convict upon evidence which shows that it is not a public highway.

Argued March 11, 1907. Appeal, No. 90, April T., 1907, by defendant, from judgment of Q. S. Fayette Co., Sept. T., 1905, No. 90, on verdict of guilty in case of Com. v. B. R. Slagel. Before Rice, P. J., Porter, Henderson, Morrison, Orlady and Head, JJ. Reversed.

Indictment for nuisance. Before Taylor, J., specially presiding.

The facts are stated in the opinion of the Superior Court.

Defendant presented, inter alia, these points:

1. It not appearing from the evidence that the road alleged to have been obstructed, and along or on which the alleged nuisance was committed, was laid out, opened and established, under legal proceedings, no conviction of the defendants can be had. *Answer:* Refused. A way common and for public use may be acquired by prescription, grant or condemnation proceedings, and there being some evidence in this case of a right of way acquired by prescription and consent of the landowner to 'a change from that place, we could not affirm that point. [1]

2. It appearing from the evidence that a portion of the said road has been in use for only about two years, and was not laid out and opened in pursuance or by virtue of legal proceedings in the court of quarter sessions for that purpose, the defendants cannot be convicted of any offense laid in the indictment, by reason of any act or acts committed or omitted on or along such portion of said road. *Answer:* Refused. If the jury find the old road was a public way by prescription or any other way, and they surrendered their right to a portion of it designated as the new portion, and the public used it in lieu of the old, and the owners of the land, or that the public accepted that—made that change—then it would be a substitution of the new portion of the road for the old. [2]

3. The public can acquire a right to a way or road in one of three manners, to wit: condemnation; grant and prescription; in this case the portion of the road designated as new road is admittedly not acquired by condemnation, the evidence is insufficient to establish a grant, and the time during which it has been opened and used by the public is too short for the public to acquire a prescriptive right thereto, and the defendants are not guilty of the offense of common nuisance by reason of any acts committed or omitted thereon, as charged in the indictment. *Answer:* The answer to this point is controlled by our remarks in refusing points numbers one and two, which we have already given you. [3]

The court charged in part as follows:

[Now that raises a legal question here which you have heard the defendants raise, which we have disposed of in this way:

we are holding that the evidence in the case shows that the road was abandoned. Then, that went back to the original landowner, that part of the road. But the evidence in the case shows that before it was abandoned, or about the time it was in contemplation of the public to get rid of that hill, the landowner was interviewed, or at least went there, and the evidence was that the Stewart heirs gave their consent to the change which the supervisors desired to make in this road, by making it down in that portion known as the new road, which consisted of 149 perches between the points of intersection, as shown by exhibit No. 1, and that that old road was abandoned about two or three years ago, and this new portion substituted or taken in lieu of that road. So if the old road was acquired by prescription—by a user of it for twenty-one years, it would not defeat the new part as being a public road because it was substituted for the part abandoned, and with the consent, as the testimony is, of the landowner, because one of the supervisors testified expressly that he interviewed one of the Stewart heirs and they consented—the one there on the ground consented to the change of location from the old to the new. That would make that as much a public road, if the old road was a public road, as if it had been used—that portion of it called the new—for the same period of time required to acquire by right of prescription.] [5]

Verdict of guilty upon which judgment of sentence was passed.

*Errors assigned* were (1–3, 5) above instructions, quoting them.

*H. S. Dumbauld*, of *Sterling, Higbee, Dumbauld & Brown*, for appellants.—When a road has once been opened by the supervisors its location cannot afterwards be altered by another supervisor for the purpose of placing it on what he may suppose to be its proper site : Furniss v. Furniss, 29 Pa. 15 ; Holden v. Cole, 1 Pa. 303 ; Penna. Canal Co. v. Shirley Twp., 18 W. N. C. 397 ; Cook v. Deerfield Township, 64 Pa. 445 ; Morrow v. Com., 48 Pa. 305 ; Hancock v. Wyoming Boro., 148 Pa. 625 ; Gray v. North Versailles Township, 208 Pa. 77.

*Alfred E. Jones*, with him *Thomas H. Hudson*, district attor-

ney, and *Davis W. Henderson*, assistant district attorney, for appellee, cited: McMurtrie v. Stewart, 21 Pa. 322; Com. v. Barker, 140 Pa. 189.

OPINION BY RICE, P. J., May 13, 1907:

The defendant was convicted under the second count of the indictment, which charged the commission of a public nuisance on the public road from Ohiopyle to Confluence, " by dragging heavy logs and other material over said road, whereby the said road was torn up, destroyed and greatly damaged and rendered dangerous to travelers over said road, to the common nuisance," etc. The first step necessary to the commonwealth's case, therefore, was proof that the place where the injurious acts were committed, was a public highway: Commonwealth v. P. & R. R. R. Co., 135 Pa. 256.

There was ample evidence to show the existence of a highway by prescription between the points named, and the commission of acts thereupon which constituted a public nuisance. The unlawful obstruction of a public highway was an indictable nuisance at common law : Kelly v. Com., 11 S. & R. 345; Com. v. McNaugher, 131 Pa. 55 ; and our statute, which makes it a misdemeanor to erect, set up, establish, maintain and keep up or continue, or cause to be erected, set up, established, maintained, kept up or continued, any public or common nuisance, recognizes no distinction between a public or common nuisance committed in a highway laid out by proceedings in the quarter sessions, and one committed in a highway, the establishment of which rests upon proof of defined, uniform, adverse and uninterrupted user by the public, under a claim of right, for twenty-one years, or upon proof of dedication followed by proper acceptance. We need not take up further time in discussing the appellant's first proposition, that a defendant indicted for nuisance by injury to a public road cannot be convicted without proof that it was laid out, opened and established under legal proceedings. The request for such instructions was properly refused.

But it is claimed by the commonwealth that in 1903, after this road had become a public highway by adverse user by the public for twenty-one years, a change was made, whereby a new road around the hill was substituted for part of the road which

went over the hill.   The second question presented by the appellant is, whether he could be convicted for acts done upon the new road?   The evidence relating to this change is to the effect, that the land upon which the new road is laid out belonged to the Stewart heirs, many in number ; that citizens of the township applied to Andrew Stewart, the only one of the heirs who lived in that locality, for permission to lay out the road over their land, and that he said in substance—quoting the testimony of the witness—"So far as he was concerned, or the rest of the heirs, it would be all right if they didn't destroy any timber; " that without consulting the other heirs the citizens then built the road, and in 1905 the supervisors worked upon it; and that during the short period that elapsed after it was constructed, the public used it instead of the part of the old road it was intended to supply.   This prosecution was begun in July, 1905. Such evidence is insufficient to show a legal vacation and relaying of a highway, or any part of it, that has been established by adverse user by the public for twenty-one years.   There is a class of cases which hold that the road as opened by the supervisors under an opening order constitutes the public road, even though it be not on the exact route selected by the viewers:  Morrow v. Commonwealth, 48 Pa. 305 ; Commonwealth v. Jackson, 10 Pa. Superior Ct. 524 ; Commonwealth v. Plymouth Twp., 19 Pa. Superior Ct. 408.   But neither the supervisors, nor they acting in conjunction with citizens of the township, have authority to change the route of a highway after it has been laid out and opened under an opening order, and this is equally true of a prescriptive highway.   The statute prescribes the method whereby this may be accomplished, and precludes the changing or vacation of highways in the summary method resorted to here:  Holden v. Cole, 1 Pa. 303 ; McMurtrie v. Stewart, 21 Pa. 322: Furniss v. Furniss, 29 Pa. 15 ; Clark   v.   Commonwealth, 33 Pa. 112;   Brewer   v. Sullivan County, 199 Pa. 594, at page 597.   If supervisors have no power to change the route of an opened road, even if it be wrong, they surely have no power to change the route of a road which has been traveled by the public for a quarter of century, simply because another route would be more desirable.   So that, if the new road is a public highway, the township has now two roads to keep up instead of one.   But we are of opinion that the evi-

dence is insufficient to warrant a finding that it was established as a highway in any lawful mode.   If there is any ground upon which the claim that it is a highway can be sustained, it is upon the ground that there was a dedication by the owner.   But apart from the objection that the supervisors could not bind the public and make this a highway by an agreement with the owners—see Penna. Canal Co. v. Shirley and Union Townships, 18 W. N. C. 397—there is the fundamental objection that the consent of only one of the owners is shown, and that equivocal. It is to be noticed further in this connection, that the witness who testified as to the consent of this heir was compelled to admit upon cross-examination that he did not know whether the other heirs knew that the road had been put through their land.   As we have already said, there was ample evidence to sustain a conviction apart from the acts committed on the new road, but this consideration does not obviate the objection that the learned court admitted those acts in evidence and refused to charge that there could be no conviction therefor.   It is impossible for us to determine upon what evidence the jury based its verdict, or to say that these erroneous rulings did not constitute prejudicial error.

Counsel for the commonwealth say in their printed brief, " that it might be admitted that the owners of the land that was appropriated, with or without their consent, by the citizens of this township for the section of new road, could fence it up, obstruct it in reclaiming the land, without committing any crime or without any liability to the township.   It is not a public road so far as their interests are concerned."   This admission is one we think the commonwealth is compelled by the evidence to make, but, being made, it is a conclusive reason why there could be no conviction under this indictment for acts of trespass committed upon the new road.   It is impossible upon an indictment charging a public nuisance in obstructing and injuring a public highway to convict upon evidence which shows that it is not a public highway.   It cannot be made a public highway " by a short cut through the criminal court : " Com. v. Phila. & Read. R. R. Co., 135 Pa. 256.

The remaining questions raised by the assignments of error need not be discussed.   It is sufficient to say that we find no reversible error in the record, except in the rulings and the

portions of the charge relative to the acts committed upon the new road.

Judgment reversed and a venire facias de novo awarded.