Opinion by
Head, J.,
The defendant, a railroad company incorporated under the laws of the state of Pennsylvania, was indicted in the court below upon a bill containing two counts. The indictment did not, as in ordinary cases, result from an information made before a magistrate and a binding over of the defendant for trial. It was founded upon a constable’s return. After the said return had been made the district attorney applied to the court for leave to send up a bill, and an order permitting *418 or directing him to do so was made. The first count charged the defendant with the common-law offense of obstructing a public highway. The second count, after reciting the existence of the highway within the jurisdiction and the right of the public to the use of the same, charged the defendant “with having obstructed and filled up the said ancient public highway under the provisions of the Act of the General Assembly of the Commonwealth of Pennsylvania approved the 19th of February, 1849.” The bill then quotes the thirteenth section of that act and charges that the said defendant, having exercised the power therein conferred to change, in the course of its construction, the site of a public road, “was in duty bound to reconstruct forthwith at their own expense, on the most favorable location, and in as perfect a manner as the original road, that portion of the ancient public way so obstructed and filled up. That notwithstanding the duty to reconstruct forthwith at their own proper expense, on the-most favorable location and in as perfect a manner as the original road, the ancient public way obstructed and filled up as aforesaid, the said defendant has unlawfully and unjustly neglected and refused, and still does neglect and refuse to reconstruct, at their own proper expense, on the most favorable location, and in as perfect a manner ás the original' road, the portion of the ancient public way obstructed and filled up as aforesaid, so that,” etc.
When the case came on for trial the learned court below, on motion made, quashed both counts of the bill and this appeal by the commonwealth followed.
Where a bill of indictment is founded upon a constable’s return, the offense charged in the bill must be identical with that, the essentials of which, at least, appear in the constable’s return. Upon an examination of this return we are satisfied that it furnishes no foundation for an indictment charging the common-law offense of unlawfully obstructing a public highway. On the contrary, it sets forth, with almost the particularity of the indictment itself, the existence of the public highway and the right of the people to pass thereover. That the defendant company began in 1906 the work of im *419 proving their line by filling up a trestlework, and in doing so filled up and obstructed the portion of the public road complained of. Further, that the said. defendant attempted to change the location of the said road and to construct another through and under the trestlework, to take the place of the old one obstructed, and that “the new public road so constructed by the said railroad company is not of legal width or as wide as the original road and is not constructed in as perfect a manner as was the original road,” etc. This language of the return clearly indicates, we think, that the act intended to be complained of was not-the unlawful obstruction, of the ancient highway itself, but that it was the failure on the part of the railroad company, after having exercised its statutory right in occupying the site of an existing public road, to reconstruct the same forthwith at their own proper expense, on the most favorable location, and in as perfect a manner as the original road, as the statute enjoined it should do. Where such facts appear in the information or return upon which the indictment is based there is no, warrant for the presentation of a bill charging it with the common-law offense of obstructing a highway. In Danville, etc., Railroad Co. v. Commonwealth, 73 Pa. 29, it was held, quoting from the syllabus, “The legislature may authorize building a railroad on a public road. A railroad company occupying a portion of a public road not .exceeding the extent allowed by law and obstructing public travel on such portion is not guilty of a nuisance.” We think, therefore, the learned court below was right in quashing the first count,of the bill because the offense therein charged is not the offense complained of in the constable’s return.
We ,are unable, however, to see upon what satisfactory reason the judgment of the court below, in quashing the second count, can rest. It is clear that the legislature in the thirteenth section of the act of 1849 quoted in the count, authorized a railroad company, in the erection of its line, to take and use and thus obstruct a public highway. “The power of the legislature to authorize the building of a railroad upon a public road is indubitable. To the common *420 wealth belongs the franchise of every highway within its limits as a trustee of the public. Every public road therein exists by force only of the commonwealth’s authority.” But in conferring such extensive power upon a railroad company, the legislature, as the price of its gift, enjoined upon such company the obligation to forthwith reconstruct such road on the most favorable location and in as perfect a manner as the original road. As the power conferred is a public one, granted as well for the benefit of the public as the corporation, so the duty enjoined is also a public one, and a breach of such duty is a public offense for which an indictment will lie. This, while not precisely decided in the case of Danville, etc., Railroad Co. v. Commonwealth, 73 Pa. 29, is clearly foreshadowed in the opinion of the court. “The indictment therefore does not charge the plaintiff with neglecting or omitting to reconstruct a road in lieu of the one occupied by the railroad, but with obstructing and stopping up the old public road. The effort is to convict the plaintiff for obstructing the old road by reason of its failing to construct a new one.”
In the same opinion the Supreme Court refers to “Reg. v. The Great North of England Railway Co., 9 Q. B. 314, in which it was held, in an opinion given by the same chief justice (Lord Denman), that a corporation aggregate might be indicted for misfeasance or nonfeasance under the same statute, in not conforming to the powers conferred on the company by act of parliament.”
It therefore seems clear to us that where a railroad company, having exercised the power conferred upon it to take an existing public highway, refuses at the same time to obey the statutory command to reconstruct another of prescribed character in its stead, it is guilty of a breach of public duty, declared by the statute, for which it may be indicted and convicted. The particularity both of the constable’s return and of the second count in the bill, which follows the return, could have left the defendant in no reasonable doubt as to the nature and character of the offense intended to be charged, and it was therefore error to quash that count of the bill.. The second assignment of error is sustained.
*421 The order of the court below quashing the second count of the bill of indictment is reversed and a procedendo awarded. Costs of this appeal to be paid by appellee.