## Commonwealth v. Bessemer & Lake Erie Railroad Company, Appellant.

*Railroads—Changing site of highway—Reconstruction of road—In-
dictment—Act of February* 19, 1849; *P. L.* 79.

A railroad company may be indicted under sec. 13 of the act of Febru-
ary 19, 1849, for failure to relocate and reconstruct a portion of a pub-
lic road which it had appropriated, and the same is true of a railroad
company which has by lease or purchase, taken over the rights and
franchises of a former company, upon which was resting the obligation
of the statute.

An indictment in such a case is not bad for duplicity as joining the
common-law offense of obstructing a road with the statutory offense un-
der the act, where it appears that the facts set forth showing an ob-
struction were merely introductory to the averment of the statutory
offense.

A count in such an indictment is not bad because the pleader inad-
vertently referred to the act alleged to have been violated as the act of

April 19, 1849, instead of February 19, 1849. It was not necessary to insert the date of the approval of the act, and such a plain mistake could in no way mislead the defendant.

The act of February 19, 1849, requires a railroad company which has changed the site of a portion of a public road, to reconstruct the same upon the most favorable location, and in as perfect a manner as the original road, and by necessary implication of the same other qualities, including width, actual and potential. The act does not require that the width and location shall be, in some way, by some action of the railroad company, duly designated and set over to the public as and for a public road. The statute contemplates no such action, and none is needful.

A railroad company cannot be convicted of violating the act of February 19, 1849, where the evidence shows that the company reconstructed a portion of a public road which it had taken, and that the new portion did not compare unfavorably with the old as to width, grade, surface, and general conditions for travel.

Where a public road is crossed or intersected by a railroad at two points about 1,000 feet apart, the company in reconstructing a portion of the road, "on the most favorable location," is not required in such reconstruction to avoid the crossings.

Argued Nov. 1, 1907. Appeal, No. 44, April T., 1908, by defendant, from judgment of Q. S. Butler Co., June T., 1904, No. 12, on verdict of guilty in case of Commonwealth v. Bessemer & Lake Erie Railroad Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Indictment for violation of the act of February 19, 1849, relating to the reconstruction of a public road. Before GALBREATH, P. J.

Defendant presented this point:

11. The question in this case is not whether public crossings might have been avoided, but whether or not the Allegheny and Shenango Railroad Company, in constructing its railroad twenty-four years ago, partly upon a public road, supplied it with another in lieu of that portion taken, and it being undisputed that the public from that time up to the present has been traveling the same and that the public authorities worked upon and improved the supplied road, and on March 22, 1904,

the supervisors, together with other citizens, presented a petition to vacate the public road set forth in the bill of indictment, and the court of quarter sessions having confirmed absolutely the report of viewers vacating the road now in question and supplying it with another, this prosecution under the indictment in this case cannot be maintained. *Answer:* Refused. [8]

The court charged in part as follows:

[You may take into consideration whether or not the road that has been given is upon the most favorable location as a fact; whether it requires the public to cross at points not far separated from each other and that the Supreme Court has passed upon the question in case of Commonwealth v. Railroad Co., 215 Pa. 149.] [9]

Verdict of guilty, upon which judgment of sentence was passed.

*Error assigned* amongst others was portion of charge, quoted above.

*Lev. McQuistion,* with him *C. L. McQuistion,* for appellant.—When the company reconstructed the road over twenty-four years ago and the public took possession, using it until the present time, and the supervisors accepted it by working upon the same at divers times, all this has the legal effect of vacating so much of the old road thus supplied: Penna. R. R. Co.'s App., 128 Pa. 509.

The court erred in refusing defendant's motion to quash the first count in the indictment: Danville, etc., R. R. Co. v. Com., 73 Pa. 29; Com. v. Miller, 2 Parsons, 480; Com. v. Railway Co., 127 Pa. 278.

The commonwealth by its laches is estopped from maintaining this prosecution: Com. v. Turnpike Co., 153 Pa. 47; Com. v. Miltenberger, 7 Watts, 450; Pollard v. Shaaffer, 1 Dallas, 210; Church v. Ruland, 64 Pa. 432; Com. v. Railway Co., 14 Pa. Superior Ct. 336.

Whether the railroad could have been constructed so as to

avoid two grade crossings is a question not pertinent to the issue: Monongahela City v. Fischer, 111 Pa. 9.

*J. D. Marshall,* with him *Samuel Walker,* district attorney, for appellee.—A railroad company is liable to indictment and conviction for neglecting to perform a statutory duty: Pittsburg, etc., Ry. Co. v. Com., 101 Pa. 192; Com. v. Penna. R. R. Co., 117 Pa. 637.

Delay in proceedings or lapse of time will not release a railroad company from its duty to reconstruct a public road taken by it: Com. v. Railway Co., 14 Pa. Superior Ct. 336; Northern Central Ry. Co. v. Com., 90 Pa. 300.

A railroad company must provide a roadway of the legal width, in this case thirty-three feet, and must locate it and mark it on the ground: Com. v. D., L. & W. R. R. Co., 215 Pa. 149.

The first count was good: Com. v. Frey, 50 Pa. 245; Dawson v. People, 25 N. Y. 399; Com. v. Wood, 2 Pa. Superior Ct. 42; Com. v. Kay, 14 Pa. Superior Ct. 376; Com. v. Frey, 50 Pa. 245; People v. Lawrence, 137 N. Y. 517; 33 N. E. Repr. 547; Lohman v. People, 1 N. Y. 379.

OPINION BY HEAD, J., July 15, 1908:

The defendant railroad company was convicted on the first count of a bill of indictment charging it with a violation of the obligation imposed upon it by sec. 13 of the Act of February 1849, P. L. 79 which provides: "If any such railroad company shall find it necessary to change the site of any portion of any turnpike or public road, they shall cause the same to be reconstructed forthwith at their own proper expense, on the most favorable location and in as perfect a manner as the original road." That an indictment will lie for such an alleged violation and that a railroad company which has, by lease or purchase, taken over the rights and franchises of a former company, upon which was resting the obligation of the statute, takes the franchises cum onere and must discharge the obligation, are propositions that have been settled: Pittsburg, etc., Railway Co. v. Com., 101 Pa. 192; Com. v. Penna. R. R. Co.,

117 Pa. 637; Com. v. Railway Co., 14 Pa. Superior Ct. 336; Com. v. Huntingdon & Broad Top Mountain R. R. & Coal Co., 35 Pa. Superior Ct. 416.

The appellant attacks the sufficiency in law of the count upon which the conviction rests, alleging it to be bad for duplicity in joining the common-law offense of unlawfully obstructing a public highway, with the statutory one of refusing to perform the duty imposed by the section of the act of 1849 already quoted. An examination of the bill will show, we think, no legal ground for quashing the first count. It alleges that defendant company, being a common carrier operating a railroad, entered on a portion of a public road described, erected an embankment, upon which it placed ballast, ties and rails, over which it operates its cars and locomotives. That for the purpose of constructing and operating its railroad, it took and continues to use a portion of said road, thus excluding the public from its former use. So far from alleging an unlawful obstruction we think the averments, above quoted in substance, negative that idea and are but introductory to the real charging averments that follow. These plainly show that the offense aimed at was the refusal of the company to reconstruct, as required by law, the road which had been thus lawfully taken by it. It is true the pleader inadvertently referred to the act alleged to have been violated as the act of April 19, 1849, instead of February 19, 1849. It was not necessary to insert the date of the approval of the act and such a plain mistake could in no way mislead the defendant. The learned court below was therefore right in refusing the motion to quash, and the first assignment is dismissed.

It is not disputed that, by due proceedings in the court of quarter sessions of Butler county, a public road, of the width of thirty-three feet, was regularly ordained for public use in Center township and that it was opened and became thereafter one of the ordinary highways of that township. Nor that in 1883 The Allegheny and Shenango Railroad Company, to whose rights the defendant has succeeded, in the construction of its line, occupied a portion of said public road and thus incurred the statutory obligation to "cause the same to be re-

constructed on the most favorable location and in as perfect a manner as the original road."

The nature and extent of that obligation, the things needful to be done to satisfy the legislative demand, have been, in part at least, defined by Chief Justice MITCHELL in Com. v. D., L. & W. R. R. Co., 215 Pa. 149, as follows: "The original road of 1803 was laid out by formal proceedings in the quarter sessions, with a legal width of thirty-three and a half feet. It was actually opened presumably only to the ordinary width, but it retained its capacity to be opened to its full legal width at any time in the future when the public convenience should require it. This was its status, legal and actual, when the appellant took possession. . . . What the railroad company does under this authority (sec. 13, act 1849) is not to give the commonwealth a new road with a new title and new attributes, but the old road reconstructed. The site is necessarily changed, but in all other respects it is to be 'the same,' to wit: expressly upon the most favorable location and in as perfect a manner as the original road, and by necessary implication of the same other qualities including width, actual and potential." There is no provision in the act by which the company can make a record of its work on the ground, or in the language of the learned trial court "duly designate" it. The act does not require that "its width and exact location should be, in some way, by some action of the railroad company duly designated and set over to the public as and for a public road." The statute contemplates no such action and none is needful. Where a portion of a road has been taken and reconstructed under the act, the road never loses its entity. It remains, in legal contemplation, the same road. The company has nothing to do with fixing the width of the supplied portion. That width, "actual and potential" must be identical with the remainder of the road.

An examination of the language of the statute, read in the light of the authority quoted, leads us to the conclusion that, in the trial of an indictment like the one before us, several material questions—some simply questions of fact, others mixed questions of fact and law—may have to be considered and determined. Did the railroad company, in the construction

of its roadbed, appropriate a portion of an existing public highway? That it did so in this case is not disputed. The obligation to "reconstruct" therefore arose. Whether or not that obligation has been discharged is not always a simple question of fact to be disposed of on the bald affirmation or negation of witnesses. Of course, if the defendant company had taken a portion of the highway and provided no other way of any kind to supply the part taken, so that the traveling public was left without anything to bridge the gap thus made, the mere ascertainment of that fact, would, unless the circumstances were most unusual and extraordinary, seem sufficient to warrant a conviction. But we have no such case here. The testimony is practically undisputed that the public had, at the time the bill was found and for many years before, a road of some kind. It was located on ground owned in fee by the company, of sufficient extent to give to the supplied portion the full width, actual and potential, of the road as originally laid out. The company put it there, adjusted its crossings and built the approaches to them so as to make the way continuous and claims, by its testimony, to have done such other work as was necessary to make this portion as good as the original road. It has certainly seen the public expend, during a period of many years, the money derived from taxation in maintaining and improving this road. It would not be contended, we think, in the face of the facts shown by this record, that the company could now in any way interfere with the public easement in that strip of ground. Must we not conclude, then, that the company has taken the first step necessary to a discharge of its statutory duty? But merely providing a strip of ground of the necessary width and locating a road thereon would not suffice to relieve the company. Did it open the portion supplied to the width and in "as perfect a manner as the original road"? As to these matters the testimony is exceedingly scant, but little attention seemingly having been given to them during the trial. Certainly it would be difficult for a jury, upon any evidence we can discover in the record, to find that the new portion compared unfavorably with the old as to width, grade, surface and general condition for traveling.

But was the portion of the road supplied "on the most favorable location"?   If the obligation of the railroad company, in this respect, could be justly ascertained by a consideration merely of the expression quoted from sec. 13 of the act of 1849, the standard of duty would certainly be a high one.   But reading the entire act, in the light of the interpretation given it by the court, reveals the legislative intent that when the contemplated reconstruction has been completed, the conditions should be substantially the same that existed just before the act of appropriation.   "The site is necessarily changed," says Chief Justice MITCHELL, "but in all other respects it (the road) is to be 'the same.'"   It appears from the evidence that in locating and building its railroad the defendant company found it necessary to cross or intersect the public road in question at two points about 1,000 feet apart.   Both of these crossings were at grade.   In thus crossing the highway the company availed itself of the right expressly conferred by sec. 12 of the act of 1849.   That section not only confers the right but plainly declares the conditions upon which it may be lawfully exercised.   These performed none other can be imposed save by another legislative act.   Nor does the statute contemplate that a railroad company, which has availed itself of the right conferred by sec. 12 and performed the conditions therein prescribed, should thereby create for itself additional and burdensome conditions when it undertook to exercise another right conferred by another section of the act.   It may be true that travel along the highway has been made more dangerous by reason of these crossings.   But this danger arises from and exists because of the lawful exercise by the company of the right expressly granted by sec. 12 of the act.

This situation was in no way affected, this danger was in no degree increased, by the determination of the company to change the site of a portion of the road between the two crossings.   It is unfortunate they are so close together, but the legal principle involved is precisely the same as though they were a mile apart.   We think, therefore, the learned trial court fell into error in permitting the jury to consider as a material factor in determining the guilt or innocence of the defendant, the fact

that the public road, as it was originally and as it is now, is crossed or intersected by the railroad at two points within a distance of 1,000 feet.

Where a statute imposes on a citizen the obligation of performing certain conditions as a consideration or compensation for the privilege of exercising a right or franchise, there ought to be lodged somewhere the power to determine that the conditions have been performed and the obligation discharged. Under our system of road laws the township supervisors have power to open a road after it has been lawfully laid out. If this involved the building of bridges or other work done by a citizen under the obligation of a contract, it can hardly be doubted that the supervisors, acting in good faith, could determine that the work had been properly done and the obligation had been discharged. So if the jury should find from the evidence in this case—and there is evidence in the record to warrant such finding—that the defendant company had, in good faith, undertaken to perform its statutory duty and that the portion of the road supplied was honestly accepted by the then township authorities as performance, we can see no reason why that should not furnish a complete defense against the present indictment. The case must therefore go back to be tried again so that the material questions herein adverted to may be determined according to the principles declared in this opinion. We have not thought it necessary or helpful to consider the many assignments of error separately. It is sufficient to say that in none of them, save as herein indicated, do we find any reversible error.

Judgment reversed and a venire facias de novo awarded.