# Township of Sugar Creek, Appellant, *v.* Erie Railway Company.

*Eminent Domain—Railroads — Townships — Condemnation of public road—Failure of railroad to reconstruct public road—Damages—Act of February 19, 1849, P. L. 79.*

1. Where a railroad company in the exercise of its right of eminent domain appropriates and occupies certain portions of a township road, and after notice from the township authorities to reconstruct the road as required by the Act of February 19, 1849, P. L. 79, which provides: "If any such railroad company shall find it necessary to change the site of any portion of any turnpike or public road, they shall cause the same to be reconstructed forthwith at their own proper expense, on the most favorable location and in as perfect a manner as the original road," neglects or refuses to do so, the township may itself construct the new road and collect the cost thereof from the defendant company.

2. In such a case where the defendant railroad company has failed to construct the new road and the township undertakes itself to reconstruct a new road, partly within and partly without the right of way of the defendant company, it is entitled to recover only for the expense it has incurred in reconstructing the road outside of the right of way of the defendant company.

3. In such a case, where the trial in the court below resulted in

a verdict for the plaintiff, it was error for the court to enter judgment n. o. v. for the defendant upon the ground that the township authorities had, in part at least, reconstructed the highway within the limits of the right of way of the railroad and had not distinguished between the expense of widening the road and reconstructing it in a new location, and the cost of removing some of the encroachments placed thereon by the railroad; a new trial should have been granted.

Argued October 11, 1913. Appeal, No. 151, Oct. T., 1913, by plaintiff, from judgment of C. P. Venango Co., August T., 1912, No. 28, on judgment n. o. v. for defendant in case of the Township of Sugar Creek v. Erie Railroad Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Reversed.

Assumpsit for cost of constructing road. Before CRISWELL, P. J.

The opinion of the Supreme Court states the facts.

*Error assigned* was in entering judgment non obstante veredicto for defendant.

*A. R. Osmer,* with him *N. F. Osmer,* for appellant.

*George F. Davenport,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 5, 1914:

In this action of assumpsit, the Township of Sugar Creek sought to recover from the defendant company the amount which it had expended in relocating and reconstructing a public road. In its statement of claim plaintiff sets forth that within the limits of the plaintiff township there was a public road extending along the west bank of the Allegheny river from Two Mile Run to Oil City which the township was bound to keep open and in repair and safe and suitable for public use and travel; that defendant owned and operated a steam railroad also extending along the west bank of the

Allegheny river from Two Mile Run to Oil City; that the railroad was constructed after the opening and construction of the public road; that in or about the year 1865 defendant or its predecessor took, appropriated to its own use and occupied certain portions of the public road specified in the statement; that although the railroad company was bound by law to cause the public road to be reconstructed at its own cost and expense in the most favorable location and in as perfect a manner as the original road, and although it had been notified to perform its duty and reconstruct the road as required, it had wholly neglected and refused so to do; that by reason of such neglect and refusal plaintiff had been obliged to relocate and reconstruct the road at a cost of $3,536.49, and that defendant was therefore indebted to plaintiff in that amount. The right to recover is based upon the 13th section of the Act of February 19, 1849, P. L. 79, which provides that, "If any such railroad company shall find it necessary to change the site of any portion of any turnpike or public road, they shall cause the same to be reconstructed forthwith at their own proper expense, on the most favorable location and in as perfect a manner as the original road." The trial in the court below resulted in a verdict for the plaintiff for $2,687.10. But judgment n. o. v. was entered for the defendant upon the ground that the township authorities had in part at least reconstructed the highway within the limits of the right of way of the railroad, and had not distinguished between the expense of widening the road, and reconstructing it in a new location, for which it had the right to recover, and the cost of removing some of the encroachments placed thereon by the railroad, which it had not the right to do without the consent of the railroad.

Plaintiff has appealed, and has filed but one assignment of error, it being to the entry of judgment n. o. v. in favor of defendant. It appears from the record that

the public road in question was duly authorized by proper proceedings in court at December Term, 1807, to be opened to the width of thirty-three feet. It also clearly appeared from the record, that the defendant company or its lessor and its predecessors, had encroached upon the township road, and had not constructed another road in the best location and in as good a condition as was the highway at the time of, and since its occupancy by the railroad. It was the duty of the railroad to provide a new location and to construct thereon a roadway of the same width as the former road. Failing to do so the township authorities were at liberty to provide the new way, and collect the cost thereof from the railroad. But instead of relocating the highway, they seem to have contented themselves with widening what was left of the original roadway, and in so doing, without objection upon the part of the railroad, removed some of the embankments placed in the highway by the railroad. Mr. Read, a surveyor testified, that assuming a thirty foot distance out from the center line of the Erie Railroad track, the line would in some places just reach the center line of the highway, and in some places would extend beyond it. This would mean that the railroad occupied with its right of way at this place, fully one half of the highway. Speaking of another place, Mr. Read testified that the railroad encroached upon the highway to about one quarter of its width. He said "the road was very narrow; the slope of the railroad extended out so there was hardly room for a roadway, and ditch—in fact, there wasn't sufficient room." And again he testified, that the work done by the township was in the nature of widening the roadbed. The road at its narrowest point was fifteen feet, and at its widest, twenty-two. The township authorities cut into the railroad embankment various depths, from one to five, six and seven feet. There was also testimony that in some places the earth removed from the embankment was placed along the river bank

to help widen the road. This might amount to a partial reconstruction. But the evidence does not seem to show just where the widening was done, or the extent of it, or its cost. It also appeared that some of the earth removed by the township came from the Lake Shore Railroad, on the other side of defendant's right of way, and higher up the hillside. The cost of this work was not shown. Defendant was not responsible for the deposit of this earth upon the highway, but if it was used as material for widening the roadway, outside of defendant's right of way, the expense of such use of it might be collected from the defendant. The defect in plaintiff's case is, that no distinction is made in the evidence between the cost of work for which a recovery can be had, and work for which there can be no recovery. In plaintiff's statement, the claim is for money expended in the "relocation and reconstruction" of the road. Any expense, therefore, necessarily incurred in widening the road to its original width of thirty-three feet, outside of the right of way of the railroad, would be recoverable in this action. The evidence should have been limited to that alone. As is pointed out in the decision in Com. v. D., L. & W. R. R. Co., 215 Pa. 149, the township had the right to require the railroad to reconstruct a new road thirty-three feet wide. Instead of doing this, the township undertook itself to reconstruct a new road partly within and partly without the right of way of the railroad. There was no authority for invading the right of way of the railroad, unless it was done with the consent of the latter. But that the railroad stood by and noted the progress of the work without objection, is indicated by the testimony. This case is essentially one for a fair compromise and settlement between the township authorities and the railroad company. It should not be difficult to arrange. Neither side has seen fit to stand upon its strict legal rights in the past. Each has apparently been willing to concede something to the other. The township has not appar-

ently demanded of the railroad, provision for a highway of the full legal width of thirty-three feet, nor has the railroad seemed to object to the use of part of its right of way by the township authorities in the effort to secure sufficient width for the highway. If the defendant company stands upon its strict legal rights as to the expenditures already made by the township, the latter can, and naturally will insist upon its right to compel the construction of a new road of the full legal width.

If it be found necessary to try this case again, the evidence upon the part of the township should be limited to the expense it has incurred in reconstructing the road outside of the right of way of the railroad. For such expenditures it is entitled in this action to recover.

The judgment is reversed with a venire facias de novo.